Shepherd *v.* Merrill.

# BELKNAP,

## JANUARY TERM, A. D. 1845.

### SHEPHERD *v.* MERRILL.

The obligor in a bond, conditioned to convey land to the obligee upon the payment of money at certain times, for which the latter has given to the obligor his note, may maintain an action upon the note, although the bond contain a provision that it shall be void upon the non-payment of the money, as therein provided.

ASSUMPSIT, on a promissory note given by the defendant, July 25, 1836, for fifty-five dollars, payable to the plaintiff as follows : Five dollars in November, 1836 ;

fifteen dollars in November, 1837 ; twenty dollars in November, 1838, and fifteen dollars in November, 1839, with interest. When the note was made, the plaintiff gave a bond to the defendant, with condition that, upon the payment of the several sums named in the note at the times therein named, the plaintiff should convey to the defendant a lot of land, No. 4, in the 5th range in Lincoln, and that, in case of the non-payment of any of the sums, the bond should be void. The defendant thereupon took possession of the land, and occupied it. The lot was afterwards put into the non-resident list and sold for taxes, and the defendant now claims to own it by a deed from the purchaser at the constable's sale. The plaintiff has not tendered a deed, nor has the defendant demanded one.

The questions arising on the foregoing case were assigned to the Superior Court.

*Butterfield,* for the plaintiff.

. *I. A. Eastman,* for the defendant.

GILCHRIST, J. The parties to the note and bond described in this case intended by those instruments to enter into a mutual agreement, by which the defendant should be bound to pay the note, and the plaintiff to convey the land. If the former failed to pay the money as he agreed, the latter could not of course be required to convey the land, and that is all that is intended by the provision that the bond should be void upon such non-payment. In all mutual covenants or agreements, if the party who is the first to perform, fails, he becomes by such failure disenabled to require the other party to perform; who is thereby in a position in which he may elect either to abandon the contract entirely, or to sue the delinquent party, or accept his tardy compliance with its terms, if tendered. In this case, if the bond alone had been given, the option would

Shepherd *v.* Merrill.

have been with the defendant, the obligee, to seek its benefits at the price of performing the conditions; but the parties did not so leave it. The note was given for the precise purpose of enabling the plaintiff to enforce the contract, should he choose to do so, upon the appearance of any reluctance on the part of the defendant to carry it into effect. This is what he seeks to do in the present action, by which he affirms the contract, and waives the lapse of time, which would otherwise have released him from his bond.

Another defence appears to be, that the plaintiff has lost his title to the land, and is, therefore, unable to make the conveyance which was the consideration for which the note was given.

Whether such a title, originating in a tax assessed while the defendant was in possession, ought to be regarded, in respect to its redeemable quality, as an incumbrance, for the costs of removing which he should be entitled, in this action or otherwise, to an adjustment; or whether it should be considered as a paramount title, to which he had the right to submit, and which he was justified in buying in, as in the case of *Loomis* v. *Bedell*, 11 N. H. 74, need not be decided; because there is not enough in the case to show whether the title has any validity at all. It is needless to remark that the purchase of a pretended title by the defendant in possession does not enable him to maintain such a defence as has been indicated.

Upon the case submitted, therefore, there must be

*Judgment for the plaintiff.*